19 F.3d 1431
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell E. MASSEY, Jr., Defendant-Appellant.
 No. 93-5324.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 17, 1994.
Decided: March 10, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-92-96-2)
 Michael R. Cline, Charleston, West Virginia, for Appellant.
 Charles T. Miller, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before RUSSELL, MURNAGHAN, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Darrell E. Massey, Jr., pled guilty to possession of an unregistered firearm (a sawed-off shotgun) in violation of 26 U.S.C.A. Sec. 5861(d) (West 1989). He was sentenced to a term of forty-one months, and appeals this sentence, contending that the district court erred in giving him a two-level adjustment for obstruction of justice. United States Sentencing Commission, Guidelines Manual,Sec. 3C1.1 (Nov.1992). We affirm.
 
 
 2
 Massey was implicated by his brother-in-law, William D. Martin, in a series of robberies of drug dealers. Authorities had Martin tell Massey about a fictitious drug dealer, whom Massey and Dayton T. Griffith then decided to rob. On March 8, 1992, Massey and Griffith were stopped in Griffith's car. On the floor on the passenger side, where Massey was sitting, a sawed-off shotgun was found in a garbage bag. A .32 revolver and ammunition for it, a loaded .380 pistol, and twenty rounds of ammunition for the shotgun were all in another plastic bag in the same place. Massey had ammunition for the pistol in his pocket.
 
 
 3
 Massey subsequently pled guilty to possession of the shotgun. At his Fed.R.Crim.P. 11 hearing, he told the district court that the gun had been placed in the car by Griffith or his girlfriend. He acknowledged that he possessed the gun while he was in the car. In his interview with the probation officer, however, Massey denied knowing that the shotgun was in the car. He said he had just been going to visit friends. Massey also told the probation officer, contrary to his assertions at the Rule 11 hearing, that he pled guilty because he had no choice, and that he might not have been thinking clearly when he entered his guilty plea because he had taken medication prior to the hearing. After the presentence report was prepared, Massey moved to withdraw his guilty plea because his base offense level was higher than he expected. The district court denied the motion.
 
 
 4
 At the first sentencing hearing, when questioned by the court about his statements to the probation officer, Massey assured the court through counsel that his statements in the presentence interview were the result of a misunderstanding between him and the probation officer. He affirmed the acknowledgment of guilt he made at the Rule 11 hearing. Not satisfied, the court suggested that it might call the probation officer as a witness. It continued the sentencing, obtained a transcript of the Rule 11 hearing, and gave notice that it was considering an adjustment for obstruction of justice.
 
 
 5
 At the second sentencing hearing, Massey stipulated that he had made the statements which the probation officer described in the presentence report. He represented through counsel that a misunderstanding had occurred in the presentence interview because he disagreed with accusations of other criminal conduct made against him by Martin and Griffith. He stated that he was guilty of possessing the shotgun.
 
 
 6
 The district court ultimately found that Massey had obstructed justice and gave the two-level increase. It based the adjustment on its finding that Massey had provided materially false information to the probation officer, or alternatively, had perjured himself in court. Massey contends on appeal that the adjustment was clearly erroneous because his statements to the probation officer were not believed by anyone.
 
 
 7
 We find that the decision to give the adjustment was not clearly erroneous. Providing materially false information to a probation officer in connection with a presentence investigation is obstructive conduct. U.S.S.G. Sec. 3C1.1, comment. (n.3(h)); United States v. Hicks, 948 F.2d 877, 886 (4th Cir.1991). False information is material when it would affect the issue under determination, if it is believed. U.S.S.G. Sec. 3C1.1, comment. (n.5). The false information provided by Massey could hardly have been more material, because he flatly denied his guilt of the charge to which he had previously pled guilty.
 
 
 8
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.